JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ARGONAUT INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ONE CURA WELLNESS INC. and CHARLES ELDRIDGE,<br><br>Defendants. | Case No.: SACV 23-00881-CJC (KESx)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF PROSECUTION** |

On May 19, 2023, Plaintiff Argonaut Insurance Company filed this case seeking a declaration that it has no obligation to defend or indemnify Defendants One Cura Wellness Inc. and Charles Eldridge in litigation proceeding in Oklahoma federal court. (Dkt. 1 [Complaint].)  Plaintiff served Defendants with the Complaint in June 2023. (Dkt. 13 at 2.)  On July 13, 2023, the parties stipulated to extend Defendants' deadline to file responsive pleadings to October 18, 2023.  (*Id.*)  On October 19, 2023, the Court issued an order to show cause ("OSC") regarding dismissal for lack of prosecution noting that the stipulated deadline for Defendants to file responsive pleadings had passed but

Plaintiff failed to take any action. (Dkt. 14.) The Court noted that an appropriate response to the OSC would include (1) Plaintiff's request for entry of default or Defendants' responsive pleadings, (2) a stipulation extending Defendants' time to respond to the Complaint, or (3) a notice of voluntary dismissal. (*Id.*) On October 23, 2023, the parties filed a second stipulation further extending Defendants' time to file responsive pleadings to December 4, 2023. (Dkt. 15.) The Court approved that stipulation. (Dkt. 16.) Again, nothing was filed by the relevant date. Accordingly, the Court issued a second OSC regarding dismissal for lack of prosecution noting that the second stipulated deadline for Defendants to file responsive pleadings had passed and Plaintiff again failed to take any action. (Dkt. 17.) The Court ordered Plaintiff to respond to the second OSC by December 8, 2023 and admonished that "[f]ailure to file a timely and appropriate response to this Order may result in dismissal." (*Id.*) Five days after the deadline to respond to the second OSC, neither party has filed anything. Plaintiff's failure to diligently prosecute this case means that in nearly seven months, the case has not meaningfully progressed at all.

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

These factors support dismissal. As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The second factor also favors dismissal because "it is

incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642.  The Court has had to issue two OSCs to encourage Plaintiff to comply with its responsibility to prosecute its case diligently, and the second OSC produced no results.  The third factor, the risk of prejudice to defendants, at least marginally favors dismissal given Plaintiff's unreasonable delay.  *See Neerman v. Cates*, 2023 WL 6787455, at *2 (C.D. Cal. Aug. 31, 2023) ("While pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal, unreasonable delay creates a presumption of prejudice.") (cleaned up).  Fourth, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012).  Indeed, "it is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)).  Plaintiff's failure to follow up on Defendants' failure to file timely responsive pleadings or to respond to the Court's second OSC by the deadline undermines the strength of the public policy favoring disposition on the merits.  *See Ewing*, 2012 WL 2138159, at *2.

Finally, the Court's attempt at less drastic alternatives failed.  "[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262; *see Alliant Credit Union*, 2010 WL 3746727, at *2 ("The Court's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action.").  The Court warned Plaintiff that failure to respond to the second OSC would result in dismissal, yet it still failed to respond.  (Dkt. 17.)

Taken together, the relevant factors weigh in favor of dismissal. *Cf. Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here."). Indeed, courts regularly dismiss cases when a plaintiff fails to seek appropriate relief after a defendant fails to file a responsive pleading by a deadline. *See, e,g.*, *Neerman*, 2023 WL 6787455, at *2; *Merriam v. Weltman Weinberg & Reis Co.*, 2021 WL 4699185, at *1 (C.D. Cal. July 14, 2021); *Bereswill v. Clutchpoints, Inc.*, 2021 WL 4775988, at *1 (C.D. Cal. June 29, 2021). Accordingly, this action is hereby **DISMISSED WITHOUT PREJUDICE** for lack of prosecution and for failure to comply with the Court's second OSC.

DATED:   December 13, 2023

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE